UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CALVIN NELSON,                          :
      Petitioner                 :
                                 :
  v.                             : CIVIL NO. 3:CV-07-1870
                                 :
TROY WILLIAMSON,                        : (Judge Kosik)
      Respondent                 :

**M E M O R A N D U M**

Petitioner Calvin Nelson is a District of Columbia ("DC") offender currently

confined at the United States Penitentiary at Lewisburg (USP-Lewisburg),

Pennsylvania.  He filed this petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2241, challenging actions of the United States Parole Commission ("USPC").  He

contends that the USPC (1) abused its discretion in revoking his parole because the

Commission does not have jurisdiction over DC offenders and is required by the

Revitalization Act to use the District of Columbia parole regulations; (2) erred in

finding that he committed an assault with serious bodily injury intended; and (3) erred

in revoking his parole after the date of February 14, 2003, the date he claims his

sentence expired.  Respondent is Troy Williamson, warden at USP-Lewisburg.

Following service of the petition, a response and supporting exhibits were submitted

on December 6, 2007.  (Doc. 9.)  A traverse was thereafter filed.  For the reasons that

follow, the petition will be denied.

## I.    Background

On June 23, 1986, Petitioner was sentenced to 21 years imprisonment by the District of Columbia Superior Court for armed robbery.  (Doc. 9, Ex. 1.)  He was paroled from this sentence on April 23, 1998, to remain under supervision until February 14, 2007.  (Id., Ex. 2.)  Petitioner was subsequently transferred to the jurisdiction of the USPC pursuant to the National Capital Revitalization and Self-Government Improvement Action of 1997.[1]  In 2003, the USPC placed Petitioner on "inactive supervision" - where he was not required to report to a parole officer, but was still on parole.  (Id., Ex. 3.)

On June 23, 2006, Petitioner was sentenced by the Prince George County Circuit Court in Maryland to a 10 year term of imprisonment for First Degree Assault.[2]  (Id., Ex. 4.)  As a result of this conviction, the USPC issued a warrant charging Petitioner with violating the conditions of parole by committing a law violation.  (Id., Ex. 5.)

---

[1] On August 5, 1998, "the jurisdiction and authority of the Board of Parole of the District of Columbia to grant and deny parole, and to impose conditions upon an order of parole, in the case of any imprisoned felon who is eligible for parole or reparole under the District of Columbia code" was transferred to the United States Parole Commission.  See National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"), Public Law No. 105-33, § 11231(a)(1), 111 Stat. 712, 745.

[2] All but 5 years of this sentence was suspended.

Petitioner was taken into custody on October 18, 2006, and a parole revocation hearing was conducted on March 7, 2007.  (Id., Ex. 6.)  The USPC found Petitioner to have violated parole conditions and, in response thereto, revoked his parole.  (Id., Ex. 7.) It was further ordered that Petitioner receive no credit for time spent on parole ("street time") and that he serve to the expiration of his sentence.  In so ordering, the USPC applied the guidelines found at 28 C.F.R. § 2.81, § 2.21 and § 2.20 and found that Petitioner's parole violation behavior had consisted of assault with serious bodily injury intended.  See 28 C.F.R. § 2.20, Chapter Two, Subchapter B, ¶ 212(a).  In reaching this decision, the USPC relied on the facts that the victim of the assault was described in the police report as having suffered multiple stab wounds to the stomach, chest and back and also that the victim was transported to the hospital in serious condition.  (Id., Ex. 4, Appendix.)  It was also noted that the police report charged Petitioner with first degree assault under Maryland's Crime Code at §3-202.  (Id.) The USPC's decision was affirmed on administrative appeal by the National Appeals Board.  (Id., Ex. 8.)

## II.   Discussion

### A.   Authority of USPC over District of Columbia offenders

Petitioner first argues that the USPC was required by D.C. Code § 24-131(c) to follow the D.C. parole regulations.  Petitioner is mistaken.  Relevant to this complaint

is the transfer of paroling authority from the D.C. Board of Parole (abolished August 5, 2000) to the USPC under the National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act").  See Franklin v. District of Columbia, 163 F.3d 625, 632 (D.C. Cir. 1998).    Even prior to the enactment of the Revitalization Act, Petitioner could have been subject to the jurisdiction of the Commission.  As a District of Columbia offender, he could have been transferred to a federal facility at any time.  The Commission has always had the "same authority and power" and "jurisdiction" as the D.C. Board over District of Columbia violators transferred to federal facilities.  Morgan v. District of Columbia, 618 F. Supp. 754, 755-56 (D.D.C. 1985).  Thus, any assertion is incorrect that the transfer of parole decision authority from the D.C. Board to the Commission via the Revitalization Act violates the Constitution by subjecting him to an alternate decision maker.

In transferring parole authority from the D.C. Board to the USPC, the Revitalization Act required the USPC to exercise its authority "pursuant to the parole laws and regulations of the District of Columbia," but also gave the Commission "... exclusive authority to amend or supplement any regulation interpreting or implementing the parole laws of the District of Columbia with respect to felons...." See D.D. Code § 24-1231(a)(1) and (c)(1999), recodified as D.C. Code § 24-131(a)(1) and (c)(2001).  Pursuant to this authority, in 1998 the Commission adopted a revised version of the DC parole regulations that had been in effect since 1987.  See

28 C.F.R. § 2.70 (1999).  In the 1998 revisions, the Commission added to the Total

Point Score some additional points to reflect the degree of violence involved in the

current offense and the number of violent crimes on the inmate's prior record.  Also,

the annual rehearing guideline was replaced with specific guideline ranges to be

followed in the event of a parole denial.  The Commission maintained the D.C.

Board's basic guideline for grants and denials of reparole and the D.C. Board's risk-

based measure of determining an inmate's suitability for parole.

In 2000, the USPC revised the guidelines again wherein the parole policies set

forth in the 1998 guidelines were basically maintained, but the rehearing ranges

applicable to each inmate were converted into a "Total Guideline Range."  See 28

C.F.R. § 2.80.   This range is based on the point score calculations as set forth in the

1998 guidelines, plus the number of rehearings an inmate would normally expect if he

maintained good behavior.  Stated another way, the time required by the inmate's

minimum term is added to the applicable rehearing range (determined by the inmate's

Total Point Score), plus an additional range of time for any disciplinary infractions.

Further, a range of months can be deducted for superior program achievement.

In addition, as part of the "amend and supplement" authority, the USPC

mandated that if a prisoner whose parole had been revoked was not serving a new,

parolable D.C. Code sentence, the USPC would make its decision whether to grant or

deny reparole on the parole violation term with reference to the reparole guidelines at

28 C.F.R. § 2.21.  <u>See</u> 28 C.F.R. § 2.81(a).  This is the rule that was applied in

Petitioner's case.

Based on the foregoing, there clearly exists no statutory basis for Petitioner's

claim that the USPC was required to use unamended D.C. parole regulations in

making a revocation or reparole decision in Petitioner's case.  Statutory authority

exists for the USPC to amend or supplement the D.C. parole regulations as it has

done and to apply these amended/supplemented regulations in the cases under its

jurisdiction.

**B.     The USPC did not violate the United States Constitution**

Petitioner contends that the Revitalization Act violates the "enacting clause" of

the Constitution.  The enacting clause grants to Congress the following power:

> "To exercise exclusive legislation in all cases whatsoever,
> over such District [i.e., the District of Columbia] (not
> exceeding ten miles square) as may, by cession of particular
> States, and the acceptance of Congress, become the seat of
> the Government of the United States. . ."

Art. I, Section 8, clause 17, U.S. Constitution.  In advancing his argument, Petitioner

cites to 1 U.S.C. § 101, which provides as follows:

> "The enacting clause of all Acts of Congress shall be in the
> following form: "Be it enacted by the Senate and House of
> Representatives of the United States of America in Congress
> assembled."

1 U.S.C. § 101.  Petitioner seems to argue that the Revitalization Act, being codified

in the D.C. Code, violates the Constitutional requirement that legislation regarding

the District of Columbia be enacted by Congress.  Petitioner's argument is without

merit as the Revitalization Act is an Act of Congress and thus, the underlying basis of

his argument fails.

**C.    USPC's finding of assault with serious bodily injury intended**

The function of judicial review on a petition for writ of habeas corpus in the

parole context is to determine whether the Commission abused its discretion.  Furnari

v. Warden, 218 F.3d 250, 254 (3d Cir. 2000).  Review is limited to whether there is a

rational basis in the record for the conclusions embodied in the Parole Commission's

statement of reasons, which should include whether the criteria, appropriate, rational

and consistent with its enabling statutes, has been followed so that its decision is not

arbitrary and capricious, nor based on impermissible considerations.  Id. (citing

Zannino v. Arnold, 531 F.2d 687, 690-91 (3d Cir. 1976)).  The court is not

empowered to substitute its judgment for that of the Parole Commission unless the

Commission's exercise of discretion represents an egregious departure from rational

decision-making.  See Butler v. U.S. Parole Commission, 570 F. Supp. 67, 77 (M.D.

Pa. 1983).

In the instant case, Petitioner argues that there is no rational basis to support

the finding that he committed an assault with serious bodily injury.  His argument is

unavailing for the following reasons.  First, the Maryland statute under which

Petitioner was convicted for first degree assault contains as an element of the offense

7

that the assault involves an intention to cause "serious physical injury."  See Md.

Crim. Law § 3-202.  This establishes as a matter of law that he committed an assault

resulting in, or intended to result in, serious physical injury.  See Morrissey v.

Brewer, 408 U.S. 471, 490 (1972)(Finding that a parolee cannot relitigate at a

revocation hearing issues determined against him in other forums, as where the

revocation is based on conviction of another crime.)  Further, the record contains

facts including the wounds suffered by the victim and the fact that the victim was

transported by ambulance in serious condition - - which both clearly provide the

USPC with a rational basis supporting their finding that the assault was one that

resulted in "serious bodily injury."  For all of the foregoing reasons, this court will

not disturb the findings of the Commission.  Habeas corpus relief will be denied.

**D.     The USPC correctly revoked Petitioner's parole**

Petitioner's contention that his sentence expired in full in February of 2003 is

in error.  Good time credits do not function as a commutation of his sentence.  Rather,

good time credits function solely to determine the date on which a prisoner who is not

released on parole must be released by operation of law.  Good time credit earned

prior to release on parole is "used up" upon release, it does not shorten the total term

of a sentence.  <u>See</u> <u>Ray v. Brewer</u>, 808 F.2d 19 (7th Cir. 1986); <u>Booth v. United States</u>, 881 F.2d 669 (9th Cir. 1989).  For all of the foregoing reasons, the petition for writ of habeas corpus will be denied.   An appropriate Order is attached.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CALVIN NELSON,                          :
                                        :
          Petitioner                    :
                                        :
     v.                                 :    CIVIL NO. 3:CV-07-1870
                                        :
TROY WILLIAMSON,                        :    (Judge Kosik)
                                        :
          Respondent                    :

## **O R D E R**

**NOW, THIS 28th DAY OF DECEMBER, 2007, IT IS HEREBY**

**ORDERED THAT:**

1.    The petition for writ of habeas corpus is **denied**.

2.    The Clerk of Court is directed to **close** this case.


                         s/EDWIN M. KOSIK
                         United States District Judge